John H. Hord v. Commissioner.
Hord v. Commissioner
Docket No. 112745.
United States Tax Court
1943 Tax Ct. Memo LEXIS 258; 2 T.C.M. (CCH) 241; T.C.M. (RIA) 43283; June 9, 1943
*258 Horace Andrews, Jr., Esq., 1882 Union Commerce Bldg., Cleveland, O., for the petitioner. W. W. Kerr, Esq., for the respondent. STERNHAGEN Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $17,628.94 in petitioner's income tax for 1938. Of several adjustments, the two assailed are (1) that the gain derived from a redemption of shares was (a) $19,503 and (b) is taxable in full, and (2) the disallowance of deductions of attorneys' and accountant's fees. Findings of Fact The petitioner, a resident of Cleveland, Ohio, filed his income tax return for 1938 on a cash basis in the 18th District of Ohio. 1. In 1938, petitioner owned 990 shares of 6 per cent non-voting preferred stock of the Ohio Oil Company callable for redemption in 1938 at $110 per share. The Ohio Oil Company called for redemption 30 per cent of the number of shares held by each shareholder of record at the close of business August 15, 1938, at $110 per share. Two hundred ninety-seven shares of petitioner's shares were redeemed September 15, 1938, for $32,670. These shares had been acquired by him April 1, 1930, in a one-for-three exchange in which petitioner gave up 330 shares of Illinois *259 Pipe Line Company common stock and received 990 shares of Ohio Oil preferred. The shares of both corporations were listed on the New York Curb Exchange but there were no sales of Ohio Oil preferred on April 1, 1930. The fair market value of the Ohio Oil preferred when received by petitioner in the exchange was $103.50 a share. The quotations on that date were $102 bid and $105 asked. The first sale after that date was some time before April 5, at $104.75 a share. Between March 29 and April 4, 1930, there was only one sale of Illinois Pipe Line common stock and this was of 50 shares at $306.25 a share. 2. In 1938, petitioner paid a firm of attorneys $2,200 for services rendered in 1928-1929 in conferences with the Bureau of Internal Revenue resulting in an income tax refund to petitioner for 1928 of $1,272.10, with interest of $528.68, and in contesting a determination of an income tax deficiency for 1929 of $10,580.15 before the Board of Tax Appeals and the Circuit Court of Appeals resulting in a reduction of the deficiency to $1,493.58 with $733.07 interest. In 1938, petitioner paid an accountant $150 for assisting petitioner in the preparation of his income tax returns. Opinion
*260 STERNHAGEN, Judge: 1. The petitioner now concedes that whatever gain is to be recognized in the redemption of the 297 shares of Ohio Oil preferred is properly to be regarded as a gain from a partial liquidation and that whatever that amount is held to be is properly taxable as a shortterm capital gain. He insists that of the $32,670 received the gain to be recognized is computed by taking the difference between the $32,670 received and the value of the Ohio shares when received in the exchange of 1930. The value he used in his return is $104 per share. If the value were material, we are of opinion from the evidence that the value to be taken for the Ohio shares on April 1, 1930, is no more than $103.50, the mean between the bid and asked quotations. We think, however, that it has not been shown that the Commissioner's determination is in error or that a correct amount of gain from the redemption is other than the $19,503 used by the Commissioner in the notice of deficiency. The Commissioner determined as clearly and expressly shown in the notice of deficiency, that to the net income as disclosed by the return was added a short-term gain $19,503, and the explanation of the adjustment *261 is that the redemption constituted a partial liquidation and that the gain of $19,503 realized therefrom is taxable in full. The petition assailed this determination as error, and alleged as a fact that the taxpayer upon the redemption realized a gain of $1,782, and also that the Commissioner's determination of a gain of $19,503 was contrary to the fact. These were affirmative allegations to support petitioner's assignment of error, and proof to sustain the allegations rested upon him without more from respondent. The allegations of the ultimate fact of the amount of gain necessarily imported the inquiry of the factors of gain, of which the only unknown quantity was the correct basis. Section 111 (a), Revenue Act of 1938, covering the computation of gain, provides that gain is the excess of the amount realized over the adjusted basis set forth in Section 113(b); and this in turn provides that the adjusted basis shall be the basis of subsection (a) with prescribed adjustments. Section 113(a) (6) covers the basis for property received in a tax-free exchange. When a taxpayer challenges a determination of gain as erroneous, and affirmatively alleges a definite gain, he undertakes to prove *262 facts which bring the case within a provision of the statute which fixes the gain and in turn fixes the correct basis. This is not the burden of the respondent in the first instance. The evidence discloses that the amount of $32,670 was received by the petitioner in the taxable year, and that this amount included a short-term gain from a partial liquidation. Without more, it cannot be held how much this gain amounted to; and it is presumed that the Commissioner's determination was correct in stating the amount as $19,503. It is not enough for petitioner to show that the liquidated shares had been received by him in 1930 in an exchange for Illinois shares and that their value on the date of exchange was $103.50 a share, unless it appears also that under the statute that value is the basis to be used for determining gain or loss on such exchange. It is necessary for the proponent to establish facts to supply the correct statutory basis for computing the gain included in the $32,670 receiver; and this requirement is not alleviated by the respondent's ineffective attempt, by a revenue agent's report, to establish that the correct basis is consistent with the gain determined in the deficiency *263 notice. Such unnecessary offer of evidence by respondent does not lessen the petitioner's burden to establish the essential statutory factors of computation. The basis for determining gain or loss is covered by Section 113, which is comprised of two grand divisions, (a) and (b), and numerous subdivisions, which deal with different circumstances and prescribe various bases. The entire section begins with the proposition that the basis of property shall be the cost of such property; except as otherwise set forth in the succeeding provisions. Since the evidence shows that the gain was derived in a redemption of property acquired in an earlier exchange, it would be entirely unwarranted to act upon the hypothesis that this is a simple case of the sale or redemption of shares which had been acquired by purchase and that therefore the basis is the cost. It is necessary, in the absence of cost, to know which of the several exceptions in the statute is applicable. Estate of Isadore L. Myers, 1 T.C. 100. The property redeemed had been acquired in an exchange in 1930, but was this a tax-free exchange (see Section 113 (a) (6)), or was it a taxable exchange? Upon *264 this would depend the basis for future transactions involving gain or loss. If the exchange of 1930 involved giving up property which had been inherited at an earlier day, it is not determinable what became the basis of the Ohio shares received in the 1930 exchange and the basis used by the Commissioner remains. This is the result reached from the evidence. The petitioner elected to stand upon the pleadings and this evidence; and the decision is not based upon any of the unproved statements made in an antecedent report of a revenue agent before the deficiency notice was sent, which are not embodied either expressly, or by reference, in the deficiency notice. Such statements have no force as evidence to sustain the deficiency. But the determinations made in the deficiency notice still stand, there being no sufficient evidence showing that in substance they are erroneous. Since petitioner has not made a prima facie case, the gain of $19,503, as determined by the Commissioner, must be sustained. 2. From the evidence, it cannot be said that the amounts paid by petitioner in the taxable year to the attorneys or the accountant were either ordinary and necessary expenses in carrying on *265 a trade or business, as required under the former statute (Monell v. Helvering, 70 Fed. (2d) 631, or "ordinary and necessary expenses * * * paid * * * for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income", as required under the 1942 amendment. Clearly, the amount paid to the accountant for assisting in the preparation of petitioner's income tax returns is not per se such an expense; and the services of the attorneys, relating, as the evidence shows, to the procuring for petitioner of an undescribed income tax refund for 1928 and in contesting a determination of an undescribed deficiency for 1929, may or may not have been the kind of expense described in either the earlier or the later statute. It is quite conceivable that the tax controversy of either year involved neither petitioner's trade or business, within the earlier statute, nor the production or collection of income or the management, conservation, or maintenance of property held for the production of income, under the later. See Treasury Regulations 103, Section 19.23(a)-15, as amended December 8, *266 1942, to conform to Section 121, Revenue Act of 1942, by T.D. 5196, Cum. Bull. 1942-2, p. 96. The disallowance of the deduction, except the stipulated changes, is sustained. Decision will be entered under Rule 50.